UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STACEY KING,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00055-ART-NJK<br><br>**Order**<br><br>[Docket No. 62] |

Pending before the Court is non-party Lei King's motion to quash Defendants' subpoena to testify at deposition.[1] Docket No. 62. Defendants filed a response. Docket No. 64. Ms. King has not filed a reply and the time to do so has now passed. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

As noted by United States Magistrate Judge Peggy A. Leen, a magistrate judge is "not the Maytag repairman of federal judges desperately hoping for something to do." *Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010). A pillar of federal litigation is that "[d]iscovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Hence, discovery disputes should be presented to the Court only as a last resort and only when the underlying dispute implicates truly significant interests. *Id.* (quoting *in re Convergent Techs. Security Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). A disagreement regarding scheduling depositions "is not the type of dispute that should ordinarily require Court intervention." *Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *5 (D. Nev. Nov. 4, 2016).

The instant motion practice boils down to a dispute regarding deposition scheduling. The Court has been provided no good reason why this is an issue that cannot be resolved by the parties

---

[1] In the future, the litigants must ensure that they use the correct case number on all filings.

1

without judicial oversight. Moreover, a review of the record shows that parties failed to meaningfully engage in a meet and confer about whether Ms. King's deposition needs to be conducted remotely. *See* Docket No. 64 at 11-24. *See also* Local Rule IA 1-3(f) (stating that the meet and confer "requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference"). Accordingly, the motion to quash is **DENIED** without prejudice.

The parties must engage in further conferral efforts by telephone, by video, or in person before 5:00 PM on March 3, 2023. The Court has every expectation that a compromise can be reached by the parties to resolve this dispute. In the unlikely event that is not the situation, a renewed motion must be filed no later than March 8, 2023.

To the extent renewed motion practice is filed, the Court reminds the parties that there is a presumption that the loser will pay the expenses of the victor. Fed. R. Civ. P. 26(c)(3). The Court will not hesitate to award such expenses if warranted by the rules. To the extent it does not appear that the parties engaged with sufficient cooperation at the meet and confer, the Court will also consider imposing sanctions. Local Rule IA 1-3(f)(3).

IT IS SO ORDERED.

Dated: February 24, 2023

_____
Nancy J. Koppe
United States Magistrate Judge