UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STACEY KING,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-00055-ART-NJK<br><br>ORDER |

*Pro se* Plaintiff Stacey King brings this action against Defendants Las Vegas Metropolitan Police Department, Alejandra Zambrano, and Larry Hadfield for alleged violations of Plaintiff's First Amendment rights. The Court previously dismissed all claims other than Plaintiff's First Amendment retaliation claim. (ECF No. 58.) Now pending before the Court is Plaintiff's objection (ECF No. 82) to Magistrate Judge Nancy Koppe's Order imposing sanctions against Plaintiff for acting in bad faith regarding the discovery process (ECF No. 79). Because Judge Koppe's findings are not clearly erroneous or contrary to law, the Court will overrule Plaintiff's objection and affirm Judge Koppe's Order.

**I.   BACKGROUND**

The factual and procedural history of the discovery dispute giving rise to Defendants' Motion for Sanctions (ECF No. 73) are taken from Judge Koppe's Order (ECF No. 79), Plaintiff's objection (ECF No. 82), and Defendants' response (ECF No. 83). Plaintiff is a licensed attorney. (ECF No. 69 at 48–49.) The discovery dispute giving rise to the sanctions relates to the deposition of Plaintiff's wife, Lei King.

Following considerable back and forth between the parties over whether Ms. King's deposition should be conducted remotely and with a Mandarin interpreter, Defendants noticed an in-person deposition for Ms. King. (ECF No. 64 at 28-29.) Ms. King filed a non-party motion to quash arguing the subpoena was untimely, did not reflect what the parties agreed to, and was procedurally defective for failing to include the required witness fee. (ECF No. 62.) Judge Koppe vacated Ms. King's deposition (ECF No. 63) and then denied her motion to quash (ECF No. 66). In the order denying the motion to quash, Judge Koppe required to parties to "engage in further conferral efforts" and stated that the Court "has every expectation that a compromise can be reached by the parties to resolve this dispute." (ECF No. 66 at 2.) Judge Koppe also stated that if "it does not appear that the parties engaged with sufficient cooperation at the meet and confer, the Court will consider imposing sanctions." (*Id.*)

Subsequently, because the Court denied the motion to quash with only a week left in the discovery period, Defendants asked Plaintiff to stipulate to a discovery extension to take Ms. King's deposition. (ECF No. 69 at 18.) Plaintiff stated that "he could not agree to that at this time." (*Id.*) Defendants filed an emergency motion to extend discovery (ECF No. 69), which the Court granted (ECF No. 72).

The parties ultimately deposed Ms. King in-person and with a Mandarin interpreter. (ECF No. 73 at 22–36.) At the deposition, Ms. King testified that she holds a bachelor's degree in English and that she works as a Mandarin interpreter in a customer service setting. (*Id.*) Further, Ms. King questioned the interpreter's word choice (*Id.*) and identified errors made by the interpreter when reviewing her deposition transcript (ECF No. 74 at 3).

Defendants then moved for sanctions against Plaintiff for his conduct related to the dispute over Ms. King's deposition. (ECF No. 73.) Specifically, Defendants sought attorneys' fees and costs sustained in responding to Ms.

King's motion quash, briefing and filing their emergency motion to extend the discovery period, and re-noticing Ms. King's deposition and providing an interpreter. (*Id.*). Judge Koppe ultimately found that the motion to quash was not filed in bad faith because the lack of witness fees rendered the deposition subpoena invalid, but also found that Plaintiff's conduct related to the motion to extend the discovery period unreasonably multiplied the proceedings and that there was no good faith basis for requesting an interpreter for Ms. King's deposition. (ECF No. 79.) Thus, the Court sanctioned Plaintiff in the amount of $2,435 for Defendants' attorneys' fees and costs related to briefing and filing the emergency motion to extend discovery and providing an interpreter. (*Id.*)

Plaintiff now objects to Judge Koppe's Order imposing sanctions, arguing 1) that his decision to not stipulate to a discovery extension was not made in bad faith; 2) that Ms. King's conversant English level is not a per se bar to requesting an interpreter; and 3) there was no causal connection between the fees and costs forming the basis of the sanctions award and any alleged bad-faith misconduct. (ECF No. 82.) Defendants responded. (ECF No. 83.)

## II. DISCUSSION

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)); *see also* LR IB 3-1(a). Discovery sanctions are non-dispositive. *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). A finding of fact is clearly erroneous when the reviewing judge is "'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). In reaching this decision, "[a] reviewing court may not simply substitute its judgement for that of the deciding court." *Grimes*, 951 F.2d at 241.

The Court does not find clear error in Judge Koppe's finding that Plaintiff's refusal to stipulate to a discovery extension was in bad faith and unreasonably multiplied the proceeding. The Order's factual findings are sufficient to support the conclusion that Plaintiff's conduct warranted sanctions. The Order shows that Plaintiff demanded a two-week notice for Ms. King's deposition while knowing that any deposition set with that notice would fall outside the discovery period. (ECF No. 79 at 10–11.) For the deposition to proceed, Plaintiff needed to either agree to an extension of the discovery period or waive the notice requirement. "Plaintiff was making a request . . . while simultaneously denying . . . the ability to accommodate that request." (*Id.*) Plaintiff's refusal to stipulate ultimately caused Defendants to file the motion to extend, multiplying the proceedings. Thus, the Court agrees with Judge Koppe and finds that Defendants are entitled to attorneys' fees and costs incurred in filing the motion to extend.

Plaintiff argues in his objection that Defendants' motion for a discovery extension did not comply with LR 26-3, and that this purported violation justifies his refusal to stipulate to an extension. But Plaintiff misinterprets the requirements of LR 26-3, which provides that "[a] request made within 21 days of the subject deadline must be supported by a showing of good cause." LR 26-3. Plaintiff seems to believe that the rule requires all motions to extend discovery to be filed 21 days before the subject deadline, but that is incorrect. Here, Defendants complied with the rule by filing the motion before the discovery deadline expired, and Judge Koppe explicitly found that the motion was supported by good cause when she granted the motion. Thus, Plaintiff's argument on this point is without merit.

The Court also does not find clear error in Judge Koppe's conclusion that an interpreter was not necessary for Ms. King's deposition. (ECF No. 79 at 12–14.) While Ms. King is a non-native speaker English speaker, the Order cites

1  sufficient facts concerning Ms. King's education in English language and
2  employment history as a Mandarin to English interpreter to establish a basis for
3  a finding of fluency. (*Id.* at 12.) Moreover, the Order points to Ms. King's behavior
4  during and after the deposition, where Ms. King questioned the interpreter's
5  translations, to further support a finding of fluency. (*Id.*) Finally, the Order also
6  cites Plaintiff's own deposition testimony, where Plaintiff stated that Ms. King
7  speaks with him only in English and has never misunderstood a conversation.
8  (*Id.*) Based on these facts, Judge Koppe's conclusion that an English interpreter
9  was unnecessary is not clearly erroneous.

      The Court expresses caution about Judge Koppe's conclusion "there can be no good faith basis for requesting an interpreter for the deposition of someone who is, at a minimum, conversant in English." (*Id.* at 14.) While there may be some scenarios where an individual conversant in English may still require an interpreter, the Court is satisfied that Ms. King's deposition was not such a scenario. Thus, the Court agrees with Judge Koppe and finds that Defendants are entitled to costs incurred in hiring an interpreter for Ms. King's deposition.

      Finally, Judge Koppe's findings related to the sanctions amount are well-reasoned and supported by the record. The Court is satisfied that the amount of $2,435 is not clearly erroneous or contrary to law. Therefore, the Court affirms Judge Koppe's Order.

//
//
//
//
//
//
//
//

### III. CONCLUSION

IT IS THEREFORE ORDERED that Judge Koppe's Order (ECF No. 79) is AFFIRMED in full, and Plaintiff's objection (ECF No. 82) is OVERRULED.

IT IS FURTHER ORDERED that the stay of Judge Koppe's Order imposing sanctions (ECF No. 84) is lifted.

IT IS FURTHER ORDERED that Plaintiff must pay $2,435 to Defendants no later than December 14, 2023.

DATED THIS 29th day of November 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE