UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STACEY KING,<br><br>                              Plaintiff,<br><br>    v.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, *et al.*,<br><br>                              Defendants. | Case No. 2:20-cv-00055-ART-NJK<br><br>ORDER |

*Pro se* Plaintiff Stacey King brings this 42 U.S.C. § 1983 action against Defendants Las Vegas Metropolitan Police Department, Alejandra Zambrano, and Larry Hadfield for alleged violations of Plaintiff's First Amendment rights. The Court previously dismissed all claims other than Plaintiff's First Amendment retaliation claim. (ECF No. 58.) Now pending before the Court is Defendants' Motion for Summary Judgment on Plaintiff's surviving claim. (ECF No. 76.) For the reasons stated, the Court grants Defendants' Motion.

**I.   BACKGROUND**

The facts relevant to Defendants' Motion for Summary Judgment are taken from Plaintiff's Third Amended Complaint (ECF No. 49) and from exhibits Defendants submitted with their Motion.

Plaintiff is a licensed Colorado attorney who practices immigration law. (ECF No. 76 at 19.) Defendant Alejandra Zambrano is a Sergeant with the Las Vegas Metropolitan Police Department ("LVMPD") assigned to the Public Information Office ("PIO") section. (*Id.* at 43–44.) In 2019, Sergeant Zambrano was assigned to the PIO section. (*Id.*) Defendant Larry Hadfield is a Police Officer II with the LVMPD within the Airport Bureau. (*Id.* at 46–47.) In 2019, Officer Hadfield was assigned to the PIO section. (*Id.*)

Plaintiff alleges that he made online comments in various forums about the arrest of Stefany Miley, who at the time was serving as a judge in the

1  Eighth Judicial District Court of the State of Nevada. (ECF No. 49 ("TAC") at ¶ 8; ECF No. 76 at 22.) Plaintiff cannot recall any specifics about these comments, nor does he have copies of the comments or access to them. (ECF No. 76 at 23.) Neither Sergeant Zambrano nor Officer Hadfield was ever aware of comments Plaintiff made online about Stefany Miley's arrest. (*Id.* at 43–44, 46–47.)

On August 27, 2019, Plaintiff sent an email to the PIO of the LVMPD seeking a copy of the report generated for the arrest of Stefany Miley. (*Id.* at 53.) In his deposition, Plaintiff stated that Officer Hadfield and Sergeant Zambrano were the two officers that handled his request. (*Id.* at 25.) In his declaration, Officer Hadfield neither confirms nor denies assisting Plaintiff with the request. (*Id.* at 46–47.) Sergeant Zambrano recalls assisting Plaintiff with this request. (*Id.* at 43.) She called Plaintiff about his request the next day. (*Id.* at 53.) During that call, Plaintiff stated that he was not currently working for a media company, but that he wanted a copy of the report to write a freelance article on the incident. (*Id.*) Plaintiff said the same thing in the email request. (*Id.*) Plaintiff was ultimately provided with a redacted copy of the report regarding Stefany Miley's arrest. (ECF No. 49 at 3; ECF No. 76 at 49–51.)

The report provided to Plaintiff included a warning stamp that prohibited dissemination of the report and information contained in the report under threat of civil and criminal liability. (ECF No. 76 at 28–30.) Plaintiff emailed LVMPD on or about October 15, 2019, asking about the scope and legal basis for the stamped notice, and received no response. (*Id.*)

After Plaintiff emailed LVMPD inquiring about the stamped notice, Plaintiff alleges that LVMPD officers went to his residence on two occasions and threatened to arrest him for comments he made about Stefany Miley. (*Id.* at 24.) Plaintiff was not present at his residence during these alleged visits, but his spouse was. (*Id.* at 25.) Plaintiff has no personal knowledge of these visits

and only was able to testify about information he received from his wife. (*Id.*) Plaintiff's wife testified about the visits, confirming Plaintiff's allegations about threats related to his comments about Stefany Miley. (*Id.* at 58–61.) She testified that the male officer was not wearing a police uniform, but that he identified himself as an LVMPD officer and showed a work ID confirming that he was an LVMPD officer. (*Id.*) She provided a physical description but no name. (*Id.*) The physical description she provided conflicts with the way Officer Hadfield physically described himself in his declaration. (*Id.* at 46–47.) She also testified that the second visit took place the day after the first visit and involved the same officer. (*Id.* at 58-61.) Both Sergeant Zambrano and Officer Hadfield stated in their declarations that they never visited Plaintiff's residence. (*Id.* at 43–47.)

Plaintiff's complaint alleges that Defendants violated his First and Fourteenth Amendment rights. It also alleges *Monell* liability against Defendant LVMPD. (*See* ECF No. 49.)

The Court dismissed all claims except for Plaintiff's First Amendment retaliation claim against Defendants Zambrano and Hadfield based on the alleged visits to Plaintiff's residence and threats made to Plaintiff's wife. (ECF No. 58.)

Defendants moved for summary judgment on Plaintiff's surviving claim. (ECF No. 76.) Plaintiff responded (ECF No. 78), and Defendants replied (ECF No. 81).

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby,*

3

1  *Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such
2  that a reasonable jury could return a verdict for the nonmoving party." *Id.*

3  The party seeking summary judgment bears the initial burden of
4  informing the Court of the basis for its motion and identifying those portions of
5  the record that demonstrate the absence of a genuine issue of material fact.
6  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to
7  the non-moving party to set forth specific facts demonstrating there is a
8  genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*,
9  212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d
10 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party
11 must produce evidence of a genuine dispute of material fact that could satisfy
12 its burden at trial."). The Court views the evidence and reasonable inferences in
13 the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert
14 Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**III.    DISCUSSION**

To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (holding that the plaintiff stated a claim for First Amendment retaliation through the actions of social workers employed by a county Health and Human Services Agency). The mere threat of harm can be an adverse action. *Brodheim v. Cry*, 584 F.3d 1262, 1269–70 (9th Cir. 2009) (collecting cases).

Without addressing the other elements, the Court finds that Plaintiff has failed to produce evidence of a genuine dispute of material fact as to the second

element. Namely, Plaintiff has failed to produce any competent evidence linking either Sergeant Zambrano or Officer Hadley to the alleged retaliatory action, the visits to his residence and threats to his wife. Plaintiff has no personal knowledge of the visits, and the testimony of Plaintiff's wife is vague and fails to provide a physical description that identifies either of the Defendants. Defendants provided sworn declarations stating that neither of them visited Plaintiff's residence or were ever aware of Plaintiff's statements about Stefany Miley. Plaintiff's allegations linking Defendants to the alleged threatening visits to his residence because Defendants assisted him with his records request do not create a genuine issue of material fact for a jury to resolve. Even viewing the evidence in the light most favorable to the Plaintiff, no reasonable juror could rule in his favor on this factual record.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir.1979)). Plaintiff has failed to provide competent evidence showing personal participation by the Defendants in the alleged retaliatory act. Plaintiff also failed to offer any alternative theory of liability that could save his claims. The Court therefore finds that Plaintiff has failed to carry his burden at summary judgment and that his claims fail on the merits. Accordingly, the Court will not address whether Defendants are entitled to qualified immunity.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (ECF No. 76) is GRANTED.

The Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 5th day of June 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE